ETHAN D. KIRSCHNER (State Bar No. 235556)
   ethan@kirschner-law.com
KIRSCHNER & ASSOCIATES
1260 S. Citrus Avenue
Los Angeles, CA 90019
Phone: (213) 935-0250
Fax: (213) 986-3106

*Attorneys for Plaintiff*
KASHIF GHAZANFAR

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KASHIF GHAZANFAR, an individual,<br><br>     Plaintiff,<br><br>  v.<br><br>PENGUIN RANDOM HOUSE LLC, a Delaware limited liability company, ZUZKA LIGHT PRODUCTIONS, LLC, a California limited liability company, ZUZANA LIGHT, an individual, JEFF O'CONNELL, an individual, and JESSE HEER, an individual,<br><br>     Defendants. | Case No.:  2:16-cv-07208<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Kashif Ghazanfar ("Plaintiff"), by and through his counsel of record, avers as follows:

### JURISDICTION AND VENUE

1. This is a civil action seeking damages for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101, et seq.

2. This Court has subject matter jurisdiction over this copyright infringement action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3.     This Court has personal jurisdiction over Defendants because certain of Defendants reside in this judicial district, all Defendants are doing business in the State of California and in this judicial district, the acts of infringement complained of herein occurred in the State of California and in this judicial district, and all Defendants have caused injury to Plaintiff and his intellectual property within the State of California and in this judicial district.

4.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c) and § 1400(a) because Defendants, and each of them, are subject to personal jurisdiction in this district, certain Defendants reside in California, Plaintiff's copyrighted works that are the subject of this action are wholly situated in this district and a substantial part of the events, acts and/or omissions giving rise to the claims herein occurred in this district.

## PARTIES

5.     Plaintiff Kashif Ghazanfar is a freelance writer who resides in Los Angeles, California, and the legal owner of certain copyrights that have been unlawfully infringed by Defendants.

6.     Defendant Penguin Random House LLC ("PRH"), upon information and belief, is a limited liability company organized and existing under the laws of the State of Delaware, and is actively doing business throughout the United States, including in the Central District of California.

7.     Defendant Zuzka Light Productions, LLC ("ZLP"), upon information and belief, is a limited liability company organized and existing under the laws of the State of California, and is actively doing business throughout the United States, including in the Central District of California.

8.     Defendant Zuzana Light ("Light"), upon information and belief, is an individual residing in Los Angeles, California.

9.     Defendant Jeff O'Connell ("O'Connell"), upon information and belief, is an individual residing in Boise, Idaho.

10. Defendant Jesse Heer ("Heer"), upon information and belief, is an individual residing in Los Angeles, California.

11. Plaintiff is informed and believes and based thereon alleges that at all material times Defendants, and each of them, were the agents, employees, partners, joint venturers, co-conspirators, owners, principals, and employers of the remaining Defendants, and each of them, are, and at all times herein mentioned were, acting within the course and scope of that agency, employment, partnership, conspiracy, ownership, or joint venture. Plaintiff is further informed and believes and based thereon alleges that the acts and conduct of each Defendant as alleged herein were known to and authorized or ratified by each of the other Defendants and that each Defendant benefitted from these actions.

## GENERAL ALLEGATIONS

12. Plaintiff Kashif Ghazanfar is an award-winning freelance writer and has been published in *Rattle*, *The Seattle Review* and *Zouch*.

13. Defendant Light is a self-described "fitness personality on YouTube."

14. Plaintiff is informed and believes and based thereon alleges that Defendant Heer is Defendant Light's business manager and agent.

15. Plaintiff is informed and believes and based thereon alleges that Defendant ZLP is the company through which Light and Heer transact business related to Light's career.

16. In early December 2013, Plaintiff entered into an oral agreement with Heer to research and write short articles for Light's fitness website, which would be published as if authored by Light.

17. Heer and Light agreed to compensate Plaintiff for this work.

18. The oral agreement specified that Light had license to publish Plaintiff's articles on Light's fitness website only.

19. On several occasions, when opportunities arose for Light to publish articles in fora other than her fitness website and recognizing the limitations of their

1   earlier arrangement, Plaintiff, Heer and Light discussed and negotiated those
2   opportunities independently.

3       20.    For example, in mid-December 2014, Heer and Light proposed that
4   Plaintiff write an article for Livestrong, a site not owned by Light, under Light's
5   name. A separate negotiation took place thereafter between Plaintiff, Light, and
6   Heer, though that particular article was never published.

7       21.    No written agreement exists or existed between Plaintiff and
8   Defendants.

9       22.    Pursuant to their oral agreement, over the course of two years, Plaintiff
10  authored approximately 167 articles which were published under Defendant Light's
11  name and on her fitness website, for which he was paid a total of approximately
12  $6,000.

13      23.    Defendant PRH is an international publishing company.

14      24.    In 2015, PRH published and distributed "15 Minutes to Fit: The
15  Simple 30-Day Guide to Total Fitness, 15 Minutes at a Time," ISBN 978-1-58333-
16  582-6 (the "Book").

17      25.    Defendants Light and O'Connell are the listed authors of the Book.

18      26.    Plaintiff is informed and believes and based thereon alleges that
19  significant portions of the book, comprising at least 50% of its total contents, were
20  not written by Light and/or O'Connell, but instead consist of articles copied from
21  Light's fitness website and authored and wholly owned by Plaintiff.

22      27.    Plaintiff is the sole owner of all right, title and interest in the copyright
23  to his fitness and wellbeing articles written for Light's fitness website. Copyright to
24  the articles has been registered with the United States Copyright Office and issued
25  the certificate number TXu 2-002-937 ("Articles").

26      28.    A true copy of Plaintiff's Certificate of Registration for the Articles
27  numbered TXu 2-002-937 is attached hereto as Exhibit A and hereby incorporated
28  by reference.

29.     Plaintiff is informed and believes and based thereon alleges that Defendants ZLP, Light, O'Connell, and Heer knowingly and intentionally provided Plaintiff's Articles to Defendant PRH for publication in the Book and therefore for the purpose of infringing Plaintiff's copyright thereto.

30.     Outside of Light's fitness website, Defendants do not have any license, authorization, permission or consent to use Plaintiff's Articles.

31.     Plaintiff has demanded of Defendants, and each of them, for them to cease and desist from any further use of Plaintiff's Articles outside of Light's webpage and compensate Plaintiff for their unauthorized use, but Defendants refused.

**FIRST CLAIM FOR RELIEF**
**For Copyright Infringement [17 U.S.C. § 101 et seq.]**
**(Against All Defendants)**

32.     Plaintiff repeats, realleges, adopts, and incorporates each and every allegation contained in Paragraphs 1 through 31, inclusive, as though fully set forth herein.

33.     Plaintiff is the sole owner of all right, title and interest in the Articles, which have been registered with the United States Copyright Office and issued the certificate number TXu 2-002-937.

34.     By their publication of the Book, Defendants, and each of them, without consent, authorization, approval, or license, knowingly, willingly, and unlawfully copied, prepared, published, and distributed Plaintiff's copyrighted Articles, portions thereof, or derivative works and continue to do so.

35.     Through their conduct alleged herein, Defendants have infringed Plaintiff's copyright in the Articles in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

36.     Defendants' acts of infringement are willful, intentional, and purposeful, in disregard of and with indifference to Plaintiff's rights.

37.     As a direct and proximate result of said infringement by Defendants,

1  Plaintiff is entitled to his actual damages and Defendants' profits pursuant to 17

2  U.S.C. § 504(b).

3      38.   Plaintiff is further entitled to his attorney's fees and full costs pursuant

4  to 17 U.S.C. § 505.

5  **SECOND CLAIM FOR RELIEF**
**For Contributory Copyright Infringement**

6  **(Against Defendants ZLP. Light, O'Connell and Heer)**

7      39.   Plaintiff repeats, realleges, adopts and incorporates each and every

8  allegation contained in Paragraphs 1 through 38, inclusive, as though fully set forth

9  herein.

10      40.   Through their conduct averred herein, Defendants ZLP, Light,

11  O'Connell, and Heer ("Contributory Defendants") knowingly, willfully, and

12  intentionally induced, caused, and materially contributed to the above-described

13  unauthorized copying, reproduction and distribution of Plaintiff's Articles and thus

14  to the infringement of Plaintiff's copyrights and exclusive rights in violation of

15  Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

16      41.   The Contributory Defendants' acts of infringement were willful, in

17  disregard of and with indifference to the right of Plaintiff.

18      42.   As a direct and proximate result of said infringement by the

19  Contributory Defendants, Plaintiff is entitled to his actual damages and the

20  Contributory Defendants' profits pursuant to 17 U.S.C. § 504(b).

21      43.   Plaintiff is further entitled to his attorney's fees and full costs pursuant

22  to 17 U.S.C. § 505.

23  **PRAYER FOR RELIEF**

24     **WHEREFORE**, Plaintiff prays for judgment against Defendants as

25  follows:

26      A.   On both counts for relief, an award of any and all damages to which

27  Plaintiff is entitled under the United States Copyright Act;

28      B.   On both counts for relief, disgorgement of all ill-gotten profits earned

by virtue of Defendants' infringements and the sale and distribution of the book containing Plaintiff's copyrighted works;

C. For an accounting and the imposition of a constructive trust;

D. For prejudgment interest according to law;

E. For Plaintiff's attorneys' fees and full costs incurred in this action;

F. For such other and further relief as the Court may deem just and proper.

Dated: September 25, 2016

KIRSCHNER & ASSOCIATES
ETHAN D. KIRSCHNER

By:  /s/ Ethan D. Kirschner
ETHAN D. KIRSCHNER

*Attorneys for Plaintiff*
KASHIF GHAZANFAR

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial by jury of all issues so triable under the law.

Dated: September 25, 2016

KIRSCHNER & ASSOCIATES
ETHAN D. KIRSCHNER

By:  /s/ Ethan D. Kirschner
ETHAN D. KIRSCHNER

*Attorneys for Plaintiff*
KASHIF GHAZANFAR